**SEMI–TECH LITIGATION, LLC,**
Plaintiff–Appellee,

v.

**BANKERS TRUST COMPANY,**
Defendant–Appellant.

No. 07–0722–BK.

United States Court of Appeals,
Second Circuit.

Dec. 2, 2008.

Kevin N. Ainsworth (Robert I. Bodian, of counsel), Mintz Levin Cohn Ferris Glovsky & Popeo, P.C., New York, N.Y. for Plaintiff–Appellee.

Edward Flanders (F. Joseph Owens, Jr., Kenneth A. Newby, of counsel), Pillsbury Winthrop Shaw Pittman LLP, New York, N.Y., for Defendant–Appellant.

Present: Hon. JOHN M. WALKER, JR., Hon. ROBERT A. KATZMANN, Hon. JOHN R. GIBSON,[1] Circuit Judges.

**SUMMARY ORDER**

On January 26, 2007, the district court issued an order denying defendant Bankers Trust's motion for attorneys fees under § 315(e) of the Trust Indenture Act of 1939, 15 U.S.C. § 77ooo(e). Bankers Trust appealed to this Court, contending that the district court did not award fees because it erroneously felt constrained by the proviso in the statute barring an award of fees in "any suit instituted by any indenture security holder ... holding in the aggregate more than 10 per centum in principal amount of the indenture securities outstanding." *Id.* Following oral argument, we issued a Summary Order on October 3, 2008, requesting clarification of the basis on which the district court denied the attorneys fees. *See Semi–Tech Litig., LLC v. Bankers Trust Co.,* No. 07–0722–bk, 2008 WL 4489694 (2d Cir. Oct. 3, 2008). The district court clarified that it denied the award of fees because it concluded that the statute barred such an award, and, alternatively, that even if such an award were not barred by statute it would have declined to award fees in an exercise of its discretion. *See* Order, Oct. 6, 2008.

The district court's decision to deny the award of attorneys fees was within its discretion. *See Baker v. Health Mgmt. Sys., Inc.,* 264 F.3d 144, 149 (2d Cir.2001); *Browning Debenture Holders' Comm. v. DASA Corp.,* 560 F.2d 1078, 1088 (2d Cir. 1977). The district court weighed the factors it identified as relevant to the issue of attorneys fees, and found that the factors cutting against an award of fees—the plaintiff's good faith during the litigation, the defendant's pressing of non-meritorious arguments, and the spirit of the statutory proviso—outweighed the sole factor on the other side—the lack of substantial merit to plaintiff's case. Further, the district court gave "due regard to the merits and good faith of the claims or defenses" of the losing party, as required by the statute.[2] 15 U.S.C. § 77ooo(e). We find

---

1. The Honorable John R. Gibson, of the United States Court of Appeals for the Eighth Circuit, sitting by designation.

2. There is no merit to the defendant's argument that the "due regard" provision forbids the district court from considering anything

no abuse of discretion in the district court's decision.

Given that the district court did not abuse its discretion we need not reach the statutory interpretation question because, whether or not the proviso applies here, the ultimate outcome of this appeal would be the same. Accordingly, we **AFFIRM** the order of the district court denying defendant Bankers Trust's motion for attorneys fees under § 315(e) of the Trust Indenture Act of 1939, 15 U.S.C. § 77ooo(e).

other than "the merits and good faith of the claims or defenses" of the losing party.